UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

JAMES A. HALEY,
    Plaintiff,

v.                                                          No.: 1:2009cv10197

CITY OF BOSTON, Former Boston Police Sergeant
Detective JOSEPH KELLEY, and Former Boston
Police Detective JOHN B. HARRINGTON, as well
as yet UNKNOWN EMPLOYEES OF THE CITY
OF BOSTON,
    Defendants,

## DEFENDANTS' MOTION TO DISMISS

NOW COME the Defendants, the City of Boston, Joseph Kelley, a former Boston Police Sergeant Detective ("Kelley"), John B. Harrington, a former Boston Police Detective ("Harrington"), and other unknown employees of the City of Boston ("Does") (collectively "Defendants"), and hereby move pursuant to Fed. R. Civ. P. 12(b)(6), that this Court dismiss the Complaint of the Plaintiff, James A. Haley ("Plaintiff"), for failure to state a claim upon which relief may be granted.

In this civil action, Plaintiff sets forth claims against the Defendant pursuant to 42 U.S.C. § 1983 (Counts I through V), for due process, false arrest and malicious prosecution, supervisory liability, failure to intervene and conspiracy, as well as under common law for malicious prosecution (Count VI), negligent investigation (Count VII), negligent training and supervision (Count VIII), civil conspiracy (Count IX), and *respondeat superior* (Count X). *See* **Exhibit** ("**Ex.**") **A**, Complaint. Specifically, Plaintiff asserts that the Defendants engaged in conduct which deprived him of his right to a fair trial by "withholding" two recorded statements which were taken by Kelley and Harrington of Gloria Custis and Brenda Haley who testified for the

1

prosecution at the underlying criminal trial. *See id.* The Defendants now request, pursuant to Fed. R. Civ. P. 12(b)(6), that this Honorable Court <u>dismiss</u> Counts I through X because Plaintiff has failed to state a claim upon which relief may be granted.

<u>First</u>, all Counts against the deceased defendants, Kelley and Harrington, must be dismissed because they are time barred pursuant to M.G.L. c. 197, § 9.

<u>Second</u>, all claims against Harrington must be dismissed because his death on November 29, 1971, preceded any discovery obligations in the underlying criminal case.

<u>Third</u>, at the core of this civil action is Plaintiff's claim that he suffered a constitutional deprivation because the two recorded statements (attached hereto as **Ex. B**) which were taken by Kelley and Harrington of prosecution witnesses Gloria Custis and Brenda Haley, were not provided to Plaintiff prior to his criminal trial. However, the law at the time of the underlying criminal investigation and trial did not provide Plaintiff with a constitutional right to receive these purported pieces of "exculpatory" evidence. Moreover, prior to and during trial, the court denied various motions by Plaintiff for inspection of evidence which specifically included Gloria and Brenda's statements. In addition, the record is clear that: (1) not only did the BPD produce the statements to the District Attorney, but both the trial court and defense counsel were aware of the existence of the statements; (2) at a minimum, the trial court was aware of the contents of Gloria Custis' recorded statement which was read into the Grand Jury minutes; (3) defense counsel was aware that Gloria provided testimony at the probable cause hearing which undermined her testimony that she saw Plaintiff in the afternoon preceding Myers' murder; (4) Plaintiff cannot establish that the recorded statements were not included in the District Attorney's case file because said file was lost or destroyed; and (5) Plaintiff cannot establish that the recorded statements were "exculpatory" prior to the time that Gloria and Brenda testified at

2

Plaintiff's criminal trial. Accordingly, Counts I through V pursuant to 42 U.S.C. § 1983 should be dismissed in their entirety because Plaintiff has failed to identify a deprivation of a federal constitutional right which was established at the time of the underlying criminal proceedings and because none of the Individual Defendants or any other employee of the City caused the alleged constitutional deprivation.

Fourth, Plaintiff's state law claims set forth in Counts VI through X should be dismissed for the same reasons set forth in the preceding paragraph because the record is clear that Plaintiff cannot establish that any member of the Boston Police Department engaged in any culpable conduct with regard to the recorded statements of Gloria Custis and Brenda Haley.

Fifth, all Counts against the Individual Defendants must be dismissed because they are entitled to qualified immunity.

Sixth, all of Plaintiff's state law claims against the City must be dismissed because he failed to serve presentment, as required by M.G.L. c. 258, § 4, prior to filing the instant lawsuit.

Seventh, Plaintiff's § 1983 claim for false arrest in Count II is time barred.

Eighth, Plaintiff's common law claim for civil conspiracy in Count IX is barred by the applicable three-year statute of limitations. Moreover, Plaintiff fails to allege sufficient facts to support his civil conspiracy claims in Counts V and IX.

Ninth, Plaintiff's § 1983 claim for malicious prosecution in Count II should be dismissed because Plaintiff fails to plead a deprivation of his right to substantive or procedural due process – nor can he.

Tenth, Plaintiff's claims for malicious prosecution in Counts II and VI should be dismissed because the district court's July 1971 probable cause determination and Plaintiff's

3

subsequent conviction conclusively establish probable cause which is the essential element of such claims.

Eleventh, Counts VII and VIII for negligence against the Individual Defendants must be dismissed because, pursuant to M.G.L. c. 258, § 2, public employees are immune from claims of negligence based on tortious acts or omissions committed within the scope of their employment.

Finally, all of Plaintiff's claims against the City must be dismissed because: (1) Plaintiff has failed to state a claim upon which relief may be granted against any of the Individual Defendants; (2) all of Plaintiff's claims against the City pursuant to 42 U.S.C. § 1983, must be dismissed because the Complaint fails to allege sufficient facts to support a claim that there was a municipal policy, practice or custom of the complained of conduct; (3) Plaintiff's state law claims against the City must be dismissed to the extent they are based on intentional torts committed by the City's employees because, pursuant to M.G.L. c. 258, § 10 (c), the City is immune from liability for intentional torts by its employees; and (4) Count X for *respondeat superior* must be dismissed for lack of subject matter jurisdiction.

The Defendants incorporate herein by reference: (1) *Defendants' Motion Requesting Judicial Notice in Support of Motion to Dismiss*;[1] (2) *Memorandum of Law in Support of Defendants' Motion to Dismiss*; and (3) all supporting documents.

---

[1] In the event that the Court's ruling on the City's motion to dismiss requires the Court to give greater deference to documents from Plaintiff's underlying criminal proceedings than is afforded by Rule 201 of the Federal Rules of Evidence and to treat the City's motion to dismiss as a motion for summary judgment, the City submits that summary judgment is appropriate because no conceivable discovery would allow Plaintiff to overcome the arguments presented herein. *See Ridgway v. Aldrige*, 709 F. Supp. 265, 267 (D. Mass. 1989).

4

WHEREFORE, for all of the foregoing reasons, the Defendants, the City of Boston, Joseph Kelley, John B. Harrington and the unknown employees of the City of Boston, request that this Honorable Court DISMISS Counts I through X of Plaintiff's Complaint in their entirety and grant any further relief deemed appropriate and just.

Defendants,
THE CITY OF BOSTON, JOSEPH KELLEY, and JOHN B. HARRINGTON,
By their attorney,

/s/ Hugh R. Curran
Hugh R. Curran (BBO# 552623)
hcurran@bletzerlaw.com
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

DATED: April 27, 2009

**CERTIFICATE OF SERVICE**

I, Hugh R. Curran, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on April 27, 2009.

/s/ Hugh R. Curran

5