UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:2009 CV 10197 |
| vs. | ) | |
| | ) | |
| CITY OF BOSTON, Former Boston Police Officer, JOSEPH KELLEY, Former Boston Police Officer, JOHN HARRINGTON, and as-of-yet UNKNOWN EMPLOYEES OF THE CITY OF BOSTON, | ) ) ) ) ) ) | JUDGE STEARNS |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT CITY OF BOSTON**

NOW COMES Plaintiff, THE ESTATE OF JAMES HALEY, by his attorneys, LOEVY & LOEVY, and propounds the following Interrogatories pursuant to Fed. R. Civ. P. ("Rule") 33 upon the Defendant City of Boston:

**Definitions and Instructions**

Plaintiff incorporates herein the Definitions and Instructions set forth in his First Set of Requests for Production.

**Interrogatories**

1. Please identify every Person who participated in answering these Interrogatories and accompanying discovery Request, indicating which particular Requests were answered by which Person.

2. Please identify all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in Defendants' Rule 26 Initial Disclosures. If you answer this Interrogatory by incorporating Documents created by someone other than yourself, please list the identities of any additional Persons **not listed** in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state.

3. For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity (to the best of your understanding) any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts

EXHIBIT A

about which the Person may be competent to testify at trial. If you answer this Interrogatory by incorporating Documents, please state whether there are any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

     4.     Please state whether there have ever been any Complaint ever made against any of the Defendants (including Plaintiff's complaint or any Complaints that presently remain pending).

     5.     Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

     6.     For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

     7.     Please state whether any of the individual Defendant police officer(s) – or any other employee or agent – acted inconsistently with any of the policies and practices of the City of Boston Police Department (formal or informal, written or unwritten) at any time during the entire investigation of Myers Murder. If the answer is in the affirmative, please identify: (a) any particular Department policy or practice that was violated; and (b) whether any discipline resulted from that violation.

     8.     For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defense(s). If there is any physical, documentary, or testimonial evidence that supports any such defense, please identify it specifically. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked, but rather a description of any fact on which immunity is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

     9.     Is it the City of Boston's position that, on or about July 12, 1971, any member of the Department had any lawful justification for arresting James Haley? If so, please describe with particularity each such alleged justification and the complete factual basis.

10. Is it the City of Boston's position that employees of the Department disclosed the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of or during James Haley's criminal trial for the Myers Murder? If the answer is yes, please provide the complete factual basis for that contention, *i.e.*, identify any and all evidence and/or witnesses that support that conclusion.

11. Is it the City of Boston's position that there was, or was not, a constitutional duty in 1971 and 1972 to disclose the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of or during James Haley's criminal trial for the Myers Murder? Please provide the complete factual and legal basis for your response.

12. In 1971 and 1972, did the City of Boston have an Official Policy, including but not limited to any written policies, that would have required its officers to disclose to a member of the Suffolk County District Attorney's Office in advance of a criminal defendant's trial:
   a. Any and all Material impeachment evidence?
   b. Any and all Material exculpatory evidence?
   c. The Police Interview Statements?
Please identify all witnesses and evidence that support your response, including any written policy.

13. In 1971 and 1972, did the City of Boston have a Policy and Practice that would have required its officers to disclose to a member of the Suffolk County District Attorney's Office in advance of a criminal defendant's trial:
   a. Any and all Material impeachment evidence?
   b. Any and all Material exculpatory evidence?
   c. The Police Interview Statements?
Please identify all witnesses and evidence that support your response.

14. In 1971 and 1972, did the City of Boston have a Policy and Practice that would have prohibited its police officers from Deliberately Suppressing from the Suffolk County District Attorney's Office in advance of a criminal defendant's trial:
   a. Any and all Material impeachment evidence?
   b. Any and all Material exculpatory evidence?
   c. The Police Interview Statements?
Please identify all witnesses and evidence that support your response.

15. Please provide a complete explanation as to whether the City of Boston's Policies and Practices as they existed in 1971-72 (prior to James Haley's criminal trial for the Myers Murder), affirmatively and expressly required a Boston Police officer to provide any of the following to lawyers for the prosecution in pending criminal cases:
   a. Any and all Material impeachment evidence.
   b. Any and all Material exculpatory evidence.
   c. The Police Interview Statements.

Please identify all witnesses and evidence that supports your response.

16. Identify any police officer training in place in 1971 and 1972 that would have prohibited Boston Police officers from Deliberately Suppressing:
   a. Any and all Material impeachment evidence.
   b. Any and all Material exculpatory evidence.
   c. The Police Interview Statements.

17. If the City of Boston's Policies and Practices are presently different than they were in 1971 with respect to the Deliberate Suppression of Material impeachment and/or exculpatory evidence, please identify (a) when the policies and practices first changed; (b) what has changed about he policies and practices; (c) any witnesses with knowledge of the changes; and (d) any written/documentary evidence that confirms that there has been such a change.

18. Please identify the policymaker who was responsible for the policies and practices of the Boston Police Department as they existed in 1971 and 1972.

To be perfectly clear, this interrogatory seeks the identity of any and all such City of Boston policymakers with final and/or delegated policymaking authority whose knowledge and/or actions the Defendants may allege at summary judgment and/or trial to be relevant to Plaintiff's claim regarding the City of Boston's liability for its alleged policies and/or practices.

19. Please identify and describe all training provided to Department employees or agents prior to and including 1972 related to:
   a. Interviews and interrogations, including taking witness statements;
   b. Collection and retention of evidence from a crime scene;
   c. Writing police reports and keeping police notes;
   d. Providing Consideration of any kind to a witness;
   e. Producing and/or disclosing evidence, including the police file for a criminal investigation, to the prosecutor;
   f. Deliberately Suppressing evidence; and
   g. Investigating officer misconduct and imposing discipline.

Please include in your answer any witnesses with personal knowledge of any of the alleged training.

RESPECTFULLY SUBMITTED,

_____

Jon Loevy
Gayle Horn
LOEVY & LOEVY
312 N. May Street
Suite 100
Chicago, IL 60607
Ph: (312) 243-5900
Fx: (312) 243-5902

**CERTIFICATE OF SERVICE**

I, Gayle Horn, an attorney, certify that on December 22, 2011, I served the attached submission by facsimile to counsel of record for the defendants.

_____