## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. HALEY,<br>    **Plaintiff,**<br><br>v.<br><br>CITY OF BOSTON, Former Boston Police Sergeant<br>Detective JOSEPH KELLEY, and Former Boston<br>Police Detective JOHN B. HARRINGTON, as well<br>as yet UNKNOWN EMPLOYEES OF THE CITY<br>OF BOSTON,<br>    **Defendants** | )<br>)<br>)<br>)<br>)<br>) No.: 1:2009 CV 10197 RGS<br>)<br>)<br>)<br>)<br>) |

EXHIBIT B

## DEFENDANT, CITY OF BOSTON'S, ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

### GENERAL OBJECTION

The City of Boston objects generally to Plaintiff's Interrogatories, including the instructions and definitions to those Interrogatories, to the extent that they attempt or purport to impose on the City of Boston obligations other than or beyond those imposed or authorized by the Federal Rules of Civil Procedure. The City of Boston hereby reserves its rights to further supplement these answers.

### PREFATORY STATEMENT

Pursuant to the Federal Rules of Civil Procedure, Boston Police Superintendent in Chief Daniel Linskey makes these answers to the Plaintiff's Interrogatories for and on behalf of the City of Boston, but many of the facts set forth in such Answers are not within his personal knowledge, having been assembled and compiled by others within the employ of the City of Boston, as to which facts he is informed and believes the same to be true and that the remaining facts are known by him to be true.

NOW COMES the defendant, City of Boston, and hereby answers the Plaintiff's interrogatories:

1.    Please identify every Person who participated in answering these Interrogatories and accompanying discovery Request, indicating which particular Requests were answered by which Person.

ANSWER: These interrogatories were answered with the assistance of Boston

Police Homicide Detective Juan Torres from the Boston Police Department.

      2.      Please identify all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in Defendants' Rule 26 Initial Disclosures.  If you answer this Interrogatory by incorporating Documents created by someone other than yourself, please list the identities of any additional Persons **not listed** in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state.

      ANSWER:   The following members of the Boston Police Department have knowledge of facts relating to this case:

1. Detective John B. Harrington (Deceased)
2. Sgt. Detective Joseph Kelley (Deceased)
3. Detective Juan Torres
4. Various BPD Police Personnel from 1971-1972 criminal investigation and trial.

The following civilians may have knowledge of facts relating to this case:

1. Gloria Custis (Address Unknown)
2. Brenda Haley (Address Unknown)
3. James Haley (Deceased)
4. Alfred Faresse, Esquire (Deceased)
5. Gerard Muldoon, Esquire (Deceased)

The City of Boston reserves its right to supplement this response as discovery is not completed and the investigation continues into the allegations of the plaintiff's complaint.

      3.      For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity (to the best of your understanding) any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.  If you answer this Interrogatory by incorporating Documents, please state whether there are any categories of facts known to any witness relating to the claims or defenses in this action that are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiff will assume the substance of the witnesses' testimony is strictly limited to what is contained in such documents.

      ANSWER:  I cannot speak for the knowledge of Dets. Harrington and Kelley, as they are deceased.  Det. Juan Torres' information comes from his review of the Boston Police Department file regarding the investigation of the homicide of David Myers and assistance in seeking responsive documents to plaintiff's discovery requests.  I cannot speak for the knowledge of the five civilians listed in response to interrogatory #2, other than to repeat witness statements and trial testimony.

4.      Please state whether there have ever been any Complaint ever made against any of the Defendants (including Plaintiff's complaint or any Complaints that presently remain pending).

ANSWER:   The Defendant detectives, Harrington and Kelley, are the subject of the present complaint, but upon information and belief have not been the subject of any other complaints.

5.      Please identify any and all criminal convictions of any party or witness with knowledge relating to any of the claims or defenses of this action.  For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

ANSWER:  The defendant City of Boston is aware the plaintiff\defendant in the underlying criminal case had a criminal record with a conviction for manslaughter and refers plaintiff to Bates Stamped 83-84. The City of Boston is unaware at this time of the criminal convictions of any other witnesses in this matter. If the City of Boston in its continued search for information obtains information about any criminal convictions of any party or witness, it will supplement this response.

6.      For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such document as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

ANSWER:  The entire District Attorney's case file for the homicide of David Myers was lost or destroyed.  There exists no information regarding "when" or "why" this case file was lost or destroyed. The City of Boston continues to search for documents responsive to the plaintiff's request and upon completion of an exhaustive search spanning in excess of forty-one years it will supplement this answer.

7.      Please state whether any of the individual Defendant police officer(s) – or any other employee or agent – acted inconsistently with any of the policies and practices of the City of Boston Police Department (formal or informal, written or unwritten) at any time during the entire investigation of Myers Murder.  If the answer is in the affirmative, please identify: (a) any particular Department policy or practice that was violated; and (b) whether any discipline resulted from that violation.

ANSWER:  Objection. This question is overly broad, beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and not designed to elicit admissible evidence.  Notwithstanding this objection, the "individual Defendant police officers" did not act inconsistently with any of the policies and practices of the City of Boston Police Department existing at the time of the investigation of the homicide of David Myers.

8.      For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defense(s).  If there is any physical, documentary, or testimonial evidence that supports any such defense, please identify it specifically.  The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked, but rather a description of any fact on which immunity is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests.

ANSWER:  Objection.  This interrogatory calls for the mental impressions, work product and strategies of counsel.  As such, this request is beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and not designed to elicit admissible evidence.  The defendant City of Boston further states that the investigation into this complaint is ongoing and discovery has not been completed and therefore, the City of Boston reserves its right to supplement this answer.

9.      Is it the City of Boston's position that, on or about July 12, 1971, any member of the Department had any lawful justification for arresting James Haley?  If so, please describe with particularity each such alleged justification and the complete factual basis.

ANSWER:  Objection, this inquiry is beyond the scope of the remand envisioned by the First Circuit Court of Appeals.  In its decision and memorandum of September 19, 2011 the Court "reverse[d] the dismissal of Haley's section 1983 claims for deliberate suppression against the individual defendants and municipal liability claims against the City" and "affirm[ed] the lower court's disposition of all other claims."  Given this ruling of the Court, this inquiry is not relevant to any of the existing claims in this action. Subject to and without waiving said objection, the City of Boston states that the Boston Police Department had probable cause to arrest James Haley for the murder of David Myers and refers plaintiff to the Boston Police Homicide file, transcript of the criminal trial and all evidence submitted in the course of the trial, Dorchester District Court and Suffolk Superior Court records and the Grand Jury minutes and Probable Cause transcript in the possession of the Office of the District Attorney at the time of the underlying trial.

10.      Is it the City of Boston's position that employees of the Department disclosed the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of or during James Haley's criminal trial for the Myers Murder?  If the answer is yes, please provide the complete factual basis for that contention, *i.e.*, identify any and all evidence and/or witnesses that support that conclusion.

ANSWER: Not only did the BPD produce the statements to the District Attorney,

but both the trial court and defense counsel were aware of the existence of the statements. The trial court was aware of the contents of Gloria Custis' recorded statement which was read into the Grand Jury minutes. Defense counsel was aware that Gloria Custis provided testimony at the probable cause hearing which undermined her testimony that she saw Plaintiff in the afternoon preceding Myers' murder. The defendant City of Boston further states that the investigation into this complaint is ongoing and discovery has not been completed and therefore, the City of Boston reserves its right to supplement this answer.

11.      Is it the City of Boston's position that there was, or was not, a constitutional duty in 1971 and 1972 to disclose the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of or during James Haley's criminal trial for the Myers Murder? Please provide the complete factual and legal basis for your response.

ANSWER: The law at the time of the underlying criminal investigation and trial did not provide Plaintiff with a constitutional right to receive the Police Interview Statements as evidenced in the court's ruling denying the criminal defendant James Haley's Motion to be Furnished with Statements of Witnesses filed prior to trial. The City of Boston refers plaintiff to its previously filed motion to dismiss and Appellate Brief filed in the United States Court of Appeals for the First Circuit for further discussion on the issue. As the discovery in this matter is ongoing, the City of Boston reserves its right to supplement this answer.

12.      In 1971 and 1972, did the City of Boston have an Official Policy, including but not limited to any written policies, that would have required its officers to disclose to a member of the Suffolk County District Attorney's Office in advance of a criminal defendant's trial:
        a.   Any and all Material impeachment evidence?
        b.   Any and all Material exculpatory evidence?
        c.   The Police Interview Statements?

Please identify all witnesses and evidence that support your response, including any written policy.

ANSWER: The City of Boston is in the process of searching for written policies in existence in 1971 and 1972 (forty-one years ago) and continues to investigate whether any current or former members of the Department have any relevant information to assist in answering this Interrogatory. The City of Boston reserves the right to supplement this answer.

13.      In 1971 and 1972, did the City of Boston have a Policy and Practice that would have required its officers to disclose to a member of the Suffolk County District Attorney's Office in advance of a criminal defendant's trial:

      a.  Any and all Material impeachment evidence?
      b.  Any and all Material exculpatory evidence?
      c.  The Police Interview Statements?
Please identify all witnesses and evidence that support your response.

      ANSWER:  The City of Boston is in the process of searching for written policies in existence in 1971 and 1972 (forty-one years ago) and continues to investigate whether any current or former members of the Department have any relevant information to assist in answering this Interrogatory. As discovery is ongoing, the City of Boston reserves the right to supplement this answer.

      14.     In 1971 and 1972, did the City of Boston have a Policy and Practice that would have prohibited its police officers from Deliberately Suppressing from the Suffolk County District Attorney's Office in advance of a criminal defendant's trial:
      a.  Any and all Material impeachment evidence?
      b.  Any and all Material exculpatory evidence?
      c.  The Police Interview Statements?
Please identify all witnesses and evidence that support your response.

      ANSWER:  The City of Boston is in the process of searching for written policies in existence in 1971 and 1972 (forty-one years ago) and continues to investigate whether any current or former members of the Department have any relevant information to assist in answering this Interrogatory. The City of Boston reserves the right to supplement this answer.

      15.     Please provide a complete explanation as to whether the City of Boston's Policies and Practices as they existed in 1971-72 (prior to James Haley's criminal trial for the Myers Murder), affirmatively and expressly required a Boston Police officer to provide any of the following to lawyers for the prosecution in pending criminal cases:
      a.  Any and all Material impeachment evidence.
      b.  Any and all Material exculpatory evidence.
      c.  The Police Interview Statements.
      Please identify all witnesses and evidence that supports your response.

      ANSWER: The City of Boston is in the process of searching for written policies in existence in 1971 and 1972 (forty-one years ago) and continues to investigate whether any current or former members of the Department have any relevant information to assist in answering this Interrogatory. The City of Boston reserves the right to supplement this answer.

      16.     Identify any police officer training in place in 1971 and 1972 that would have prohibited Boston Police officers from Deliberately Suppressing:
      a.  Any and all Material impeachment evidence.
      b.  Any and all Material exculpatory evidence.

    c.   The Police Interview Statements.

    ANSWER:  The City of Boston is in the process of searching for written policies in existence in 1971 and 1972 (forty-one years ago) and continues to investigate whether any current or former members of the Department have any relevant information to assist in answering this Interrogatory. The City of Boston reserves the right to supplement this answer.

    17.    If the City of Boston's Policies and Practices are presently different than they were in 1971 with respect to the Deliberate Suppression of Material impeachment and/or exculpatory evidence, please identify (a) when the policies and practices first changed; (b) what has changed about the policies and practices; (c) any witnesses with knowledge of the changes; and (d) any written/documentary evidence that confirms that there has been such a change.

    ANSWER:  Objection. This question is overly broad, beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and not designed to elicit admissible evidence.

    18.    Please identify the policymaker who was responsible for the policies and practices of the Boston Police Department as they existed in 1971 and 1972.

    To be perfectly clear, this interrogatory seeks the identity of any and all such City of Boston policymakers with final and/or delegated policymaking authority whose knowledge and/or actions the Defendants may allege at summary judgment and/or trial to be relevant to Plaintiff's claim regarding the City of Boston's liability for its alleged policies and/or practices.

    ANSWER:  The Police Commissioner during this period was Edmund McNamara (deceased) and the Mayor of the City of Boston during this period was Kevin White (deceased).  These two individuals would have been responsible for the policies and practices of the Boston Police Department as they existed in 1971 and 1972.

    19.    Please identify and describe all training provided to Department employees or agents prior to and including 1972 related to:
    a.   Interviews and interrogations, including taking witness statements;
    b.   Collection and retention of evidence from a crime scene;
    c.   Writing police reports and keeping police notes;
    d.   Providing Consideration of any kind to a witness;
    e.   Producing and/or disclosing evidence, including the police file for a criminal investigation, to the prosecutor;
    f.   Deliberately Suppressing evidence; and
    g.   Investigating officer misconduct and imposing discipline.
    Please include in your answer any witnesses with personal knowledge of any of the alleged training.

ANSWER:  Objection. This question is overly broad, burdensome, beyond the scope of discovery permitted by the Federal Rules of Civil Procedure and not designed to elicit admissible evidence.  The interrogatory calls for the identification and description of specific training provided to Boston Police Department employees or agents prior to and including 1972.  The Boston Police Department was formally founded in 1854.  As such, this interrogatory requests 118 years of information.  The City of Boston is in the process of searching for written policies in existence in 1971 and 1972 (forty-one years ago) and prior to 1971 and continues to investigate whether any current or former members of the Department have any relevant information to assist in answering this Interrogatory. The City of Boston reserves the right to supplement this answer.

The undersigned, on behalf of the City of Boston, states that he does not have personal knowledge of all of the information set forth herein, and that he has relied upon information provided by counsel, individuals employed by the City of Boston Police Department and/or contained in documents in the possession, custody and control of said department.  The undersigned states under the pains and penalties of perjury that the foregoing information is true and accurate, to the best of his knowledge and belief.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS** _21_ **DAY OF FEBRUARY, 2012.**

**City of Boston**
**Daniel P. Linskey, Superintendent-in-Chief**
**Boston Police Department**

As to Objections:

Hugh R. Curran, Esq.  (BBO #402057)
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900