| | **LOEVY & LOEVY** | |
|---|---|---|
| Jon Loevy | | Arthur Loevy |
| Michael Kanovitz | ATTORNEYS AT LAW | Danielle Loevy |
| Russell Ainsworth | | Samantha Liskow |
| Daniel Twetten | | Tara Thompson |
| Gayle Horn | 312 N. May Street | Roshna Bala Keen |
| Elizabeth Mazur | Suite 100 | Elizabeth Wang |
| Debra Loevy-Reyes | Chicago, Illinois  60607 | Heather Lewis Donnell |
| Cindy Tsai | | Aaron Mandel |
| Julie Thompson | | Katie Hill |
| Anand Swaminathan | | |

Telephone  312.243.5900   Website  www.loevy.com
Facsimile  312.243.5902   Email  loevylaw@loevy.com

March 26, 2012

*By Email*
Hugh Curran
Bletzer & Bletzer
300 Market Street
Brighton, MA 02135-2131

   Re: Haley v. City of Boston, No. 1:2009 CV 10197

**EXHIBIT C**

Dear Mr. Curran,

  I write pursuant to L.R. 37.1 to request a discovery conference in the above-captioned matter. To make matters easier, I am highlighting below our concerns with your client's discovery responses. I very much hope that we can resolve these issues without having to involve the Court.

### Requests for Production ("RFP")

  **RFP No. 4**: RFP No. 4 asked for "[a]ll Documents that support, concern or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case." In response to this RFP, your client produced the Boston Police Department ("Department") homicide file for the Myers murder, the personnel files for the Defendants and the transcripts of Mr. Haley's criminal trial. While Plaintiff appreciates the production of those documents, they do not appear to represent the entirety of the universe on which the City relied in answering Plaintiff's Interrogatories and Requests to Admit ("RTA"). For example, a number of Plaintiff's RTA inquired about whether the City had either an Official Policy or Policy and Practice in 1971 and 1972 regarding the disclosure of Material Evidence to the prosecutor in advance of or during a criminal defendant's trial. *See* RTA Nos. 1-10 (Kelley's obligation to disclose the Police Interview Statements); Nos. 11-12, 15 (City's Official Policy/Policy and Practice with regard to exculpatory evidence); *see also* Int. No. 7 (City stated that the individual Defendants did not act inconsistently with the City's policies and practices). In addition, Plaintiff asked about the City's training prior to Mr. Haley's criminal prosecution. *See*, *e.g.*, RTA Nos. 16-17. Your client did not state that it did not have sufficient information to respond to those RTAs; rather, it answered each one. Those RTAs, however, could not have been answered based solely on the Documents that you have provided in response to RFP No. 4. Therefore, please reconsider your response to RFP No. 4 and supplement it accordingly.

  **RFP No. 18:** This RFP sought "[a]ll Documents relating to the City of Boston's Official Policy, or Policy and Practice as it existed in 1971 and 1972 regarding the disclosure of (a) impeachment evidence or (b) exculpatory evidence." Your client stated that it was in the process of seeking documents responsive to this RFP. Plaintiff understands that this RFP seeks documents from decades ago, but the RFP was served three months ago and to date, Plaintiff has not received anything in

Letter to Curran
March 26, 2012
Page Two

response. As you are aware, the City's Policy and/or Policy and Practice is at the crux of the legal dispute and therefore, important to this litigation. Please provide documents responsive to this request. If there are no such Documents, as requested in Interrogatory No. 6, please explain why any such Documents have been lost, destroyed or not retained.

**RFP No. 30:** This RFP requested all Documents supporting paragraphs 49 and 50 of the Defendant City's Answer. In that Answer, the City denied that the misconduct alleged was undertaken pursuant to the policies and practices of the Boston Police Department, and denied that such practices were allowed to flourish because of the City's insufficient training and oversight. After objecting on the basis of privilege, your client stated that discovery is ongoing and that the City reserves the right to supplement its response.

As described above, based on your client's answers to RTAs and Interrogatories, it appears that the City must have had some basis for denying paragraphs 49 and 50 of Plaintiff's Complaint. Given the importance of the City's Policies and Practices to this litigation, and the fact that the City has now had three months to investigate this RFP, Plaintiff requests that the City update its response. If there are no responsive Documents, please explain why any such Documents have been lost, destroyed or not retained (as requested in Interrogatory No. 6).

**RFP No. 31:** In this RFP, Plaintiff sought "[a]ll Department General Orders, Department manuals, procedural guides, directives, training, rules, policies or practices concerning" various topics, including "[i]nterviews and interrogations," " [c]ollection and retention of evidence," "[w]riting reports," "[p]roducing and/or disclosing evidence," and "[d]eliberate suppression of evidence." Your client stated that it was continuing to look for this evidence. But your client likewise answered RTAs on the very topic (and certainly must have based its answers on some Documents). *See, e.g.*, RTAs No. 11-12, 15. Therefore, please produce whatever Documents were used to answer the RTAs.

In addition, as discussed above, this RFP was served in December 2011. While Plaintiff understands that searching for older Documents is difficult, your clients have had three months to do so. Please provide documents responsive to this request. As requested in Interrogatory No. 6, if there are no such Documents, please explain why any Documents have been lost, destroyed or not retained.

**RFP Nos. 32 & 33:** These RFPs requested Documents reflecting training generally provided by the Department in 1971 and 1972, and training specifically provided to Defendants Kelley and Harrington regarding various topics, including "[i]nterviews and interrogations," " [c]ollection and retention of evidence," "[w]riting reports," "[p]roducing and/or disclosing evidence," and "[d]eliberate suppression of evidence." Your client stated that it was continuing to look for this evidence. But your client likewise answered RTA on the very topic at issue. *See, e.g.*, RTAs No. 16-17. Therefore, please produce whatever Documents were used to answer the RTAs.

In addition, as discussed above, these RFPs were served in December 2011. While Plaintiff understands that searching for older Documents is difficult, your clients have had three months to do so. Please provide documents responsive to this request. If there are no such Documents, as requested in Interrogatory No. 6, please explain why any such Documents have been lost, destroyed or not retained.

Letter to Curran
March 26, 2012
Page Three

## Interrogatories

**Interrogatory Nos. 12-16:** These interrogatories requested information about the City's Official Policy, Policies and Practices, and training regarding the disclosure of evidence. In response to each interrogatory, your client stated that it was continuing to search for relevant information. However, your client was able to answer RTA on these very topics. *See, e.g.*, RTA Nos. 11-12, 15-17. Moreover, your client has had three months to research these issues and, therefore, should be in a position to answer these interrogatories.

**Interrogatory No. 17:** Interrogatory No. 17 asked whether the City's Policies and Practices are different than they were in 1971 with respect to the Deliberate Suppression of Material impeachment and/or exculpatory evidence, and if so, information about how the Policies and Practices have changed. Your client objected to providing information responsive to this Interrogatory on the basis that the Interrogatory was "overly broad, beyond the scope of discovery . . . and not designed to elicit admissible evidence." None of those objections, however, are proper in the context of this Interrogatory.

As you are aware, discovery under Rule 26(b) is broad. Plaintiff's request for information regarding whether and when the City's Policies and Practices have changed is certainly relevant under that threshold: For example, such information provides evidence as to whether the City's Policies and Practices comport with and follow changes in constitutional law, and evidence as to whether the Defendants violated their ongoing constitutional duty to disclose exculpatory and/or impeachment evidence under *Pennsylvania v. Ritchie*, 480 U.S. 39, 60 (1987) and *Steidl v. Fermon*, 494 F.3d 623, 629-30 (7th Cir. 2007). Please reconsider your objection and provide a response to this Interrogatory.

## Requests to Admit

**RTA Nos. 13 and 14:** These RTA asked whether the City of Boston's Official Policy, or Policy and Practice required a police officer to disclose Material impeachment evidence to the D.A.'s Office in advance of a criminal defendant's trial prior to Mr. Haley's 1972 trial. Your client objected because it believed that the RTA was not limited in scope. However, Plaintiff's request is targeted to the period immediately preceding Mr. Haley's 1972 trial; that is, to 1971 and 1972.

In addition, your client stated that after reasonable inquiry it could not admit or deny these RTAs and was continuing to seek information to allow it to do so. Plaintiff served these RTA three months ago. Whether the City of Boston's Policy required the disclosure of Material impeachment evidence in 1971 and 1972 is of critical import to this litigation. Moreover, while your client has stated that it cannot answer these RTAs, it has answered similar RTAs – *e.g.*, denying that Boston's Official Policy or Policies and Practices did not require the disclosure of the Police Interview Statements (RTA No. 4-6). Therefore, Plaintiff requests that the City update its response to RTA Nos. 13 & 14.

*     *     *     *     *

      Once you have had a chance to review this letter, please contact me so that we can discuss this matter further. As always, thank you for your cooperation in this matter.

                                                    Sincerely,

                                                   Gayle Horn

| | | |
|---|---|---|
| Jon Loevy<br>Michael Kanovitz<br>Russell Ainsworth<br>Daniel Twetten<br>Gayle Horn<br>Elizabeth Mazur<br>Debra Loevy-Reyes<br>Cindy Tsai<br>Julie Thompson<br>Anand Swaminathan | **LOEVY & LOEVY**<br>ATTORNEYS AT LAW<br><br>312 N. May Street<br>Suite 100<br>Chicago, Illinois  60607 | Arthur Loevy<br>Danielle Loevy<br>Samantha Liskow<br>Tara Thompson<br>Roshna Bala Keen<br>Elizabeth Wang<br>Heather Lewis Donnell<br>Aaron Mandel<br>Katie Hill |
| Telephone  312.243.5900<br>Facsimile  312.243.5902 | | Website  www.loevy.com<br>Email  loevylaw@loevy.com |

April 11, 2012

*By Email and Facsimile (617) 254-5522*
Hugh Curran
Bletzer & Bletzer
300 Market Street
Brighton, MA 02135-2131

   Re:  Haley v. City of Boston, No. 1:2009 CV 10197

Dear Mr. Curran,

  On March 26, 2012, I wrote to you to request a discovery conference pursuant to L.R. 37.1  L.R. 37.1 requires that you respond to my request within seven days.

  It has now been over two weeks.  I am writing again to request a discovery conference.  I would request a short date for such a conference because Plaintiff must amend his pleadings by May 14; these discovery issues need to be resolved sufficiently in advance of that date.

  If I do not hear from you by the end of the day Friday, April 13, 2012, I will have no choice but to raise this matter – and each of the discovery issues I identified in my March 26, 2012 letter – with the Court.

                Sincerely,

                Gayle Horn

Jon Loevy
Michael Kanovitz
Russell Ainsworth
Daniel Twetten
Gayle Horn
Elizabeth Mazur
Debra Loevy-Reyes
Cindy Tsai
Julie Thompson
Anand Swaminathan

Arthur Loevy
Danielle Loevy
Samantha Liskow
Tara Thompson
Roshna Bala Keen
Elizabeth Wang
Heather Lewis Donnell
Aaron Mandel
Katie Hill

# LOEVY & LOEVY
## ATTORNEYS AT LAW

312 N. May Street
Suite 100
Chicago, Illinois  60607

Telephone  312.243.5900
Facsimile  312.243.5902

Website  www.loevy.com
Email  loevylaw@loevy.com

April 17, 2012

*By Email and Facsimile (617) 254-5522*
Hugh Curran
Jim Murphy
Bletzer & Bletzer
300 Market Street
Brighton, MA 02135-2131

Re:    *Haley v. City of Boston*, No. 1:2009 CV 10197

Dear Counsel,

Thank you for speaking with me today regarding outstanding discovery in the above-captioned matter.  This letter will confirm our conversation.

You agreed to produce certain documents to us – a 1971 book that was part of the training material for police officers, and General Orders and brochures from 1973 through 1975.  You stated that you could not find Department policies from 1971 or 1972 and relied on interviews of retired detectives in answering Requests to Admit about those policies and practices.  As you know, Plaintiff's Interrogatory Nos. 1 and 2 asked for the identity of every person who participated in answering discovery requests and "all Persons" who "have knowledge" of any facts that may relate to any of the claims or defenses in this action.  *See* Plaintiff's Interrogatories to City Nos. 1 and 2.  To date, although the identity of any persons with whom you spoke regarding this matter are responsive to Interrogatories Nos. 1 and 2, you have not provided us with that information.  You stated over the phone that you would be willing to provide us with such a list by early next week at the latest. (Please note:  Plaintiff is not seeking only those persons on whom you are relying for your defense, but also any person with whom you have spoken and who may have knowledge of the City's training and/or policies and practices.).  If we do not have that information by April 24, 2012, we will move to compel it.

In addition, you stated that you had requested the roster of Boston police officers for the years 1971 and 1972.  That information is also responsive to our discovery requests – particularly in light of the fact that you have not disclosed (nor been able to locate) a single document that reflects either the training or policies of the Department during 1971 and 1972.  As a result, those former officers are critical witnesses.  Nonetheless, you stated that you were not sure whether you could disclose the rosters to us.  We are willing to keep any information regarding former police officers (*e.g.*, address, date of birth) confidential.  Because our agreement to keep identifying information confidential addresses any concerns about officers' privacy and because the former officers are important witnesses who we may need to interview, Plaintiff requests that you disclose those rosters immediately.  Please let me know by April 24, 2012 whether you will agree to produce the rosters to us.  If you cannot agree to produce the rosters (with the identifying information for each of the officers), then we will move to compel them.

Letter to Counsel
April 17, 2012
Page Two

      Finally, you stated that you would not agree to answer Interrogatory No. 17, which asked whether, and if so, how, the City's Policies and Practices are different than they were in 1971 with respect to the Deliberate Suppression of Material impeachment and/or exculpatory evidence. As a result, we will have no choice but to compel a response to this Interrogatory.

      As always, thank you for your cooperation in this matter.

                                          Sincerely,

                                          Gayle Horn

# LOEVY & LOEVY
## ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Russell Ainsworth
Daniel Twetten
Gayle Horn
Elizabeth Mazur
Debra Loevy-Reyes
Cindy Tsai
Julie Thompson
Anand Swaminathan

Arthur Loevy
Danielle Loevy
Samantha Liskow
Tara Thompson
Roshna Bala Keen
Elizabeth Wang
Heather Lewis Donnell
Aaron Mandel
Katie Hill

312 N. May Street
Suite 100
Chicago, Illinois  60607

Telephone  312.243.5900
Facsimile   312.243.5902

Website  www.loevy.com
Email  loevylaw@loevy.com

April 27, 2012

*By Email and Facsimile (617) 254-5522*
Hugh Curran
Jim Murphy
Bletzer & Bletzer
300 Market Street
Brighton, MA 02135-2131

   Re:  Haley v. City of Boston, No. 1:2009 CV 10197

Dear Counsel,

  Thank you for your recent production of the Boston Police Department Rules and Regulations from 1950, the Department's homicide file for the murder of David Myers, and the Department's manslaughter file for Thomas Bourne.  While Plaintiff appreciates the production of these documents, they are not a substitute for the documents and discovery that Plaintiff had identified during our recent discovery conference and that were the subject of Plaintiff's April 17, 2012 letter.  In that letter, Plaintiff specifically requested the following documents, which the City had agreed to produce:  a 1971 book that was part of the training material for police officers, and General Orders and brochures from 1973 through 1975.

  In addition, Plaintiff requested the identities of every person who participated in answering the City's discovery responses and all Persons with knowledge of any facts that may relate to any of the claims or defenses in this action.  That information is responsive to Plaintiff's First and Second Interrogatories, which were served on December 22, 2011.  As such, the Defendant's responses thereto are now three months overdue and any objections to producing this very basic and indisputably relevant information has now been waived.  *See, e.g., Marx v. Kelly, Hart & Hallman, P.C.*, 929 F.2d 8, 12 (1st Cir. 1991).  Plaintiff also requested the roster of Boston police officers for the years 1971 and 1972, which you indicated you had sought from the Department, and a response to Interrogatory No. 17.

  Plaintiff requested that you provide him with this discovery by April 24, 2012.  Having received nothing in response, Plaintiff has no choice but to move to compel the discovery.

                     Sincerely,

                      Gayle Horn

Jon Loevy
Michael Kanovitz
Russell Ainsworth
Daniel Twetten
Gayle Horn
Elizabeth Mazur
Debra Loevy-Reyes
Cindy Tsai
Julie Thompson
Anand Swaminathan

Arthur Loevy
Danielle Loevy
Samantha Liskow
Tara Thompson
Roshna Bala Keen
Elizabeth Wang
Heather Lewis Donnell
Aaron Mandel
Katie Hill

# LOEVY & LOEVY
## ATTORNEYS AT LAW

312 N. May Street
Suite 100
Chicago, Illinois 60607

Telephone 312.243.5900
Facsimile 312.243.5902

Website www.loevy.com
Email loevylaw@loevy.com

May 7, 2012

*By Email and Facsimile (617) 254-5522*
Hugh Curran
Jim Murphy
Bletzer & Bletzer
300 Market Street
Brighton, MA 02135-2131

      Re:    *Haley v. City of Boston*, No. 1:2009 CV 10197

Dear Counsel,

    I write regarding the above-captioned case.

    When we spoke last week, I indicated to you that I had just learned that the Administrator of Mr. Haley's Estate, Thomas Leroy Haley, had passed away and that we were going to substitute in his sister as the new Administrator. While I had thought that this process would be relatively perfunctory, I have learned from the probate attorney that it could take up to a month. Therefore, I am willing to provide you with answers to your pending discovery requests with your understanding that verification of those answers may take some time (and may result in some minor changes). I am doing this as a courtesy so as not to delay matters further. Please let me know if this arrangement is agreeable to you.

    In addition, you stated over the phone that you would provide me with an updated response to Interrogatories Nos. 1-3; that is, a list of witnesses with whom you have spoken regarding the allegations in Mr. Haley's Complaint, including but not limited to the individuals upon whom you relied to answer questions regarding the City's policies and practices in 1971 and 1972. You also stated that you would provide Plaintiff with a roster of Boston police officers employed by the City in 1971 and 1972. It is my understanding that you are willing to provide us with the names of those officers but no identifying information regarding them (*e.g.*, date of birth, last known address). As a result, we will have to move to compel the identifying information. Please provide Plaintiff with the rosters and updated responses to Plaintiff's interrogatories by the end of this week, May 11, 2012. Otherwise, Plaintiff will have no choice but to move to compel this discovery as well.

    Finally, when we spoke I mentioned that I was going on maternity leave this month and was hoping to extend discovery by several months. I propose extending discovery as follows:

- Close of fact discovery: December 1, 2012
- Plaintiff's expert disclosures: January 8, 2013
- Defendants' expert disclosures: February 12, 2013
- Completion of expert discovery: March 19, 2013
- Summary Judgment motions: May 1, 2013

Letter to Counsel
May 7, 2012
Page Two

    Please let me know if you are agreeable to these amended dates. If so, I will file appropriately.

    As always, thank you for your cooperation in this matter.

                                              Sincerely,

                                              Gayle Horn