## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES A. HALEY,<br>       Plaintiff,<br><br>VS.<br><br>CITY OF BOSTON, Former Boston Police<br>Officer JOSEPH KELLEY,<br>Former Boston Police Officer JOHN B.<br>HARRINGTON, and as-of-yet UNKNOWN<br>EMPLOYEES of the CITY OF BOSTON<br>       Defendants, | )<br>)<br>)<br>)<br>)<br>)        No.: 1:2009cv10197<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

### DEFENDANT'S RESPONSE TO
### PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT
### TO DEFENDANT KELLEY

### OBJECTION

The defendant, predeceased Detective Joseph A. Kelley, by and through counsel, object to the Request for Admissions on the grounds that Detective Kelley died on June 21, 2002, and his estate has been probated and, therefore, the best source of the information to answer these requests are deceased. To the extent information can be determined from the records or information in the possession, custody or control of the City of Boston said requests will be answered.

**Request No. 1:**

You did not disclose the Police Interview Statements to anyone in the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 1:**

Denied.

**Request No. 2:**

You did not disclose the Police Interview Statements to Gerald Muldoon in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 2:**

EXHIBIT
D

Denied.

**Request No. 3:**

You did not disclose the Police Interview Statements to Gerald Muldoon at any point during James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 3:**

Denied.

The undersigned, on behalf of the Defendant Joseph A. Kelley, states that he does not have personal knowledge of all of the information set forth herein, and that he has relied upon information provided by others and/or contained in documents. The undersigned states under the pains and penalties of perjury that the foregoing information is true and accurate, to the best of his knowledge and belief.

Defendants,
THE CITY OF BOSTON, JOSEPH
KELLEY, and JOHN B. HARRINGTON,
By their attorney,

/s/ Hugh R. Curran

_____

Hugh R. Curran (BBO# 552623)
hcurran@bletzerlaw.com
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

Dated: February 17, 2012

*City of Boston/Haley*
*Defendant's Response to Plaintiff's 1st set of Requests to Admit to Defendant Kelley*

## CERTIFICATE OF SERVICE

I, Hugh R. Curran, attorney for the defendants, certify that on February 17, 2012, I served the attached submission by e-mail (PDF) and US Mail on counsel of record for the plaintiff, Gayle Horn of Loevy & Loevy.


/s/Hugh R. Curran
Hugh R. Curran

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____

JAMES A. HALEY,                          )
      Plaintiff,                          )
                                         )
VS.                                      )
                                         )               No.: 1:2009cv10197
CITY OF BOSTON, Former Boston Police     )
Officer JOSEPH KELLEY,                   )
Former Boston Police Officer JOHN B.     )
HARRINGTON, and as-of-yet UNKNOWN        )
EMPLOYEES of the CITY OF BOSTON          )
      Defendants,                        )
_____ )

**DEFENDANT'S RESPONSE TO
PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT
TO DEFENDANT HARRINGTON**

**OBJECTION**

    The defendant, predeceased Detective John B. Harrington, by and through counsel, object to the Request for Admissions on the grounds that Detective Harrington died on November 29, 1971, and his estate has probated and, therefore, the best sources of information to answer these Request are deceased. To the extent information can be determined from the records or information in the possession, custody or control of the City of Boston said requests will be answered.

**Request No. 1:**

    You did not disclose the Police Interview Statements to anyone in the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 1:**

    Denied.

**Request No. 2:**

    You did not disclose the Police Interview Statements to Gerald Muldoon in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 2:**

Denied.

**Request No. 3:**

You did not disclose the Police Interview Statements to Gerald Muldoon at any point during James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 3:**

The defendant, Detective John Harrington predeceased the trial in this matter. To the extent records or information within the possession, custody or control of the City of Boston establishes the Police Interview Statements were disclosed to the Suffolk County District Attorneys' office prior to trial, it is denied.

The undersigned, on behalf of the Defendant John B. Harrington, states that he does not have personal knowledge of all of the information set forth herein, and that he has relied upon information provided by others and/or contained in documents.  The undersigned states under the pains and penalties of perjury that the foregoing information is true and accurate, to the best of his knowledge and belief.

Defendants,
THE CITY OF BOSTON, JOSEPH
KELLEY, and JOHN B. HARRINGTON,
By their attorney,

/s/ Hugh R. Curran
_____
Hugh R. Curran (BBO# 552623)
hcurran@bletzerlaw.com
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

Dated: February 17, 2012

*City of Boston/Haley*
*Defendant's Response to Plaintiff's 1st set of Requests to Admit to Defendant Harrington*

**CERTIFICATE OF SERVICE**

I, Hugh R. Curran, attorney for the defendants, certify that on February 17, 2012, I served the attached submission by e-mail (PDF) and US Mail on counsel of record for the plaintiff, Gayle Horn of Loevy & Loevy.

/s/Hugh R. Curran
Hugh R. Curran

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JAMES A. HALEY,<br>     Plaintiff, | )<br>)<br>)<br>) |
| VS. | )<br>) |
| CITY OF BOSTON, Former Boston Police<br>Officer JOSEPH KELLEY,<br>Former Boston Police Officer JOHN B.<br>HARRINGTON, and as-of-yet UNKNOWN<br>EMPLOYEES of the CITY OF BOSTON<br>     Defendants, | )<br>)<br>)<br>)<br>)<br>) |

No.: 1:2009CV10197

## DEFENDANT'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT TO DEFENDANT CITY OF BOSTON

**Request No. 1:**

Defendant Kelley had a duty to disclose the Police Interview Statements to the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 1:**

The defendant City of Boston objects to said Request on the grounds that it seeks a legal conclusion to which no response is required. In addition, it objects to said request on grounds that it is vague and ambiguous and not subject to reasoned interpretation and invites plaintiff to define "duty". To the extent a response is required and the request seeks a response to a duty imposed by the law at the time, it is denied.

**Request No. 2:**

Defendant Kelley had a constitutional duty to disclose the Police Interview Statements to the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 2:**

The defendant City of Boston objects to said Request on the grounds that it seeks a legal conclusion to which no response is required. To the extent a response is required, it is denied based on the law at the time.

**Request No. 3:**

Defendant Kelley was not required by the City of Boston's Official Policy to disclose the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 3:**

Denied.

**Request No. 4:**

Defendant Kelley was not required by the City of Boston's Policies and Practices to disclose the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 4:**

Denied.

**Request No. 5:**

Absent Judge Roy's January 31, 1972 Order, the City of Boston's Official Policy did not require Defendant Kelley to disclose the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 5:**

Denied.

**Request No. 6:**

Absent Judge Roy's January 31, 1972 Order, the City of Boston's Policies and Practices did not require Defendant Kelley to disclose the Police Interview Statements to a member of the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 6:**

Denied.

**Request No. 7:**

The City of Boston's Official Policy would have not prohibited Defendant Kelley from Deliberately Suppressing the Police Interview Statements from the Suffolk County District Attorney's Office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 7:**

The defendant City of Boston objects to said request on the grounds that it is vague and ambiguous and not subject to reasoned interpretation, but, invites plaintiff to clarify same. To the extent an answer is required, it is denied.

**Request No. 8:**

The City of Boston's Policies and Practices would not have prohibited Defendant Kelley from Deliberately Suppressing the Police Interview Statements from the Suffolk County District Attorney's office in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 8:**

Denied.

**Request No. 9:**

Defendant Kelley had a duty to disclose the Police Interview Statements to Gerald Muldoon in advance of James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 9:**

The defendant City of Boston object to said Request on the grounds that it seeks a legal conclusion to which no response is required. In addition, it objects to said request on grounds that it is vague and ambiguous and not subject to reasoned interpretation and invites plaintiff to define "duty". To the extent a response is required and the request seeks a response to a duty imposed by the law at the time, it is denied.

**Request No. 10:**

Defendant Kelley had a duty to disclose the Police Interview Statements to Gerald Muldoon after Brenda Haley and/or Gloria Custis testified during James Haley's 1972 criminal trial for the Myers Murder.

**Response No. 10:**

The defendant City of Boston object to said Request on the grounds that it seeks a legal conclusion to which no response is required. In addition, it objects to said request on grounds that it is vague and ambiguous and not subject to reasoned interpretation and invites plaintiff to define "duty". To the extent a response is required and the request seeks a response to a duty imposed by the law at the time, it is denied.

**Request No. 11:**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the City of Boston's Official Policy did not require a Boston police officer to disclose Material exculpatory evidence to a member of the Suffolk County District Attorney's Office in advance of a criminal defendant's trial.

**Response No. 11:**

Denied.

**Request No. 12:**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the City of Boston's Policies and Practices did not require a Boston police officer to disclose Material exculpatory evidence to a member of the Suffolk County District Attorney's Office in advance of a criminal defendant's trial.

**Response No. 12:**

Denied.

**Request No. 13:**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the City of Boston's Official Policy did not require a Boston police offer to disclose Material impeachment evidence to a member of the Suffolk County District Attorney's office in advance of a criminal defendant's trial as a matter of course.

**Response No. 13:**

The defendant City of Boston objects to said request on the grounds that it is not limited in time or scope and seeks information starting forty-one years ago dating back to the incorporation of the City of Boston. After reasonable inquiry, the City of Boston can neither admit nor deny said request at this time and continues to seek information which would allow it to answer said request.

**Request No. 14:**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the City of Boston's Policies and Practices did not require a Boston police officer to disclose Material impeachment evidence to a member of the Suffolk County District Attorney's office in advance of a criminal defendant's trial as a matter of course.

**Response No. 14:**

The defendant City of Boston objects to said request on the grounds that it is not limited in time or scope and seeks information starting forty-one years ago dating back to the incorporation of the City of Boston.  After reasonable inquiry, the City of Boston can neither admit nor deny said request at this time and continues to seek information which would allow it to answer said request.

**Request No. 15:**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the Department had no training that would have prohibited Boston Police officers from Deliberately Suppressing Material exculpatory evidence.

**Response No. 15:**

Denied.

**Request No. 16;**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the Department had no training that would have prohibited Boston Police officers from Deliberately Suppressing Material impeachment evidence.

**Response No. 16:**

Denied.

**Request No. 17:**

Prior to James Haley's 1972 criminal trial for the Myers Murder, the Department had no training that would have prohibited Boston Police officers from Deliberately Suppressing the Police Interview Statements.

**Response No. 17:**

Denied.

The undersigned, on behalf of the Defendant City of Boston, states that he does not have personal knowledge of all of the information set forth herein, and that he has relied upon information provided by others and/or contained in documents.  The undersigned states under the pains and penalties of perjury that the foregoing information is true and accurate, to the best of his knowledge and belief.


Defendants,
THE CITY OF BOSTON, JOSEPH
KELLEY, and JOHN B. HARRINGTON,
By their attorney,

/s/ Hugh R. Curran
_____
Hugh R. Curran (BBO# 552623)
hcurran@bletzerlaw.com
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900


Dated: February 17, 2012


*City of Boston/Haley*
*Defendant's Response to Plaintiff's 1st set of Requests to Admit to City of Boston*

**CERTIFICATE OF SERVICE**

       I, Hugh R. Curran, attorney for the defendants, certify that on February 17, 2012, I served the attached submission by e-mail (PDF) and US Mail on counsel of record for the plaintiff, Gayle Horn of Loevy & Loevy.

/s/Hugh R. Curran
Hugh R. Curran