## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES A. HALEY,<br>        **Plaintiff,**<br><br>VS.<br><br>CITY OF BOSTON, Former Boston Police<br>Officer JOSEPH KELLEY,<br>Former Boston Police Officer JOHN B.<br>HARRINGTON, and as-of-yet UNKNOWN<br>EMPLOYEES of the CITY OF BOSTON<br>        **Defendants,** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No.: 1:2009cv10197<br>Stearns, J. |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO COMPEL

Now comes the defendant, City of Boston, and submits this opposition to the plaintiff's

motion to compel.

### IDENTITY OF WITNESSES:
### The Plaintiff is Not Entitled to the Personal Information of
### Active or Retired Police Personnel

The plaintiff seeks the identity of Boston police officers who were on active duty in 1971

and 1972. The defendant has agreed to provide the names of those Boston police officers.

However, the plaintiff is also seeking confidential personal information regarding Boston police

officers who were on active duty in 1971 and 1972. This the defendant will not provide.

Police officers are entitled to a higher degree of protection from disclosure of personal

information than any of the individuals referred to in the cases cited by Plaintiff. Plaintiff relies

upon Giordi v. Doody for the proposition that the disclosure of personal information is

sometimes outweighed by the need for public knowledge. Police officers, however, are entitled to a much higher degree of protection.

In 2005, the Appeals Court held in Commonwealth v. Righini that a defendant had no right to the birth dates and home addresses of police officers, even subject to a lower court's discovery order. 64 Mass.App.Ct. 19 (2005). The Appeals Court looked to both state and federal law. The defendant in that case, just as the plaintiff in this, requested the officers' home addresses and birth dates in order to perform pretrial discovery, namely a record search and to conduct "out-of-court investigations." Analyzing existing disclosure statutes in Massachusetts, the Appeals Court emphasized that the personal information of police officers is specifically exempted from disclosure in numerous statutes for a critical reason: "care must be taken to protect the safety of police officers whose work can be a "dangerous business"." Id. citing United States v. Alston, 460 F.2d 48, 53 (5th Cir.). The Court continued that releasing home addresses could result in danger to not only the officer, but his family as well. Id.

The balancing test, when it involves police officers, swings in the complete opposite direction from that in Giordi: "considerations of police witness safety, in the context of the disclosure of sufficient other background information needed to place the witness in a proper setting, police safety considerations would justify the nondisclosure of home addresses." Id citing Commonwealth v. McGrath, 364 Mass 243, 251 (1973) and United States v. Alston, 460 F.2d 48, 53 (5th Cir.).

The plaintiff is not entitled to the confidential information that it seeks and the defendant will not provide confidential information regarding Boston police officers.

## CHANGES IN POLICY:
### The Defendant, City of Boston, has complied with this Discovery Request

The defendant, City of Boston, has provided everything it has in its possession as regards the rules and regulations of the era in question.  It has even gone as far as to provide the Boston police rules and regulations in effect in 1950.

The search for these documents is still underway and, as recently as May 7, 2012, the defendant received 1971 supplemental training materials from the son of a former homicide detective who searched his deceased father's house for any documents responsive to the plaintiff's discovery.  As this instance illustrates, the search for these documents has gone well past an institutional search.

As for the plaintiff's demand that the defendant opine as to *changes* in the Boston police policies and practices since 1971 and 1972, the defendant stands by its position that this is not a relevant inquiry.  The basis of the complaint goes to the policies in effect at the time of the Haley investigation, not how they changed or evolved.

This request is also unduly burdensome for the defendant.  The inquiry calls for the defendant to detail every single potential change in the City of Boston's policies and practices regarding the "deliberate suppression of material impeachment and/or exculpatory evidence" from 1971 until the present.  This task of comparing over forty (40) years of information and putting forth an opinion as to "changes" could take hundreds, or even thousands, of man hours and is unduly burdensome.

Even if this inquiry was relevant and not unduly burdensome, it calls for conclusions and fact and/or law that the defendant cannot be called upon to make.  The defendant is not required

to make this manner of determination.  The plaintiff may make its own determinations with the materials that are available to all parties in this case spanning over forty (40) years.

### The Defendant, City of Boston, has made an Exhaustive Search for Documents

It is entirely disingenuous for the plaintiff to claim that the defendants have not complied with the discovery mandates in this case.  The defendants have undertaken an exhaustive search of any and all sources of these aged records.  The locations that have been searched include the Massachusetts Archives, the Boston Public Library, the Boston Police Academy, Boston Police Headquarters, as a whole and the Homicide Division, in particular.  The defendant, City of Boston, has reached out to numerous current and former members of the Boston Police Department, seeking documentary evidence.  In fact, as recent as May 7, 2012, the defendants received documents from the son of a deceased Boston Police homicide detective who had searched his father's house for records that could be responsive in this case.

The City of Boston has been serious, diligent and committed to this document production and has turned over more than 2500 documents, as evidenced by the bates stamp chart below:

| TAB | BATES STAMP | DOCUMENT |
|-----|-------------|----------|
| 1 | 1-84 | Homicide File |
| 2 | 85-172 | Joseph Kelley Personnel File |
| 3 | 173-316 | John Harrington Personnel File |
| 4 | 317-454 | Thomas Bourne Manslaughter File |
| 5 | 455-461 | John Harrington Personnel File |
| 6 | 462-570 | 65th and 66th Annual Reports (1970-71) |
| 7 | 571-578 | State of the City's Records |

| 8  | 579       | John Kelley Death Certificate               |
|----|-----------|---------------------------------------------|
| 9  | 580-652   | 1950 Rules and Regs                         |
| 10 | 653-904   | David Meyers Homicide File                  |
| 11 | 905-911   | State of the City's Records                 |
| 12 | 912-913   | Journal Report                              |
| 13 | 914-921   | Record of Gloria Custis                     |
| 14 | 922-929   | Record of Haley                             |
| 15 | 930-1067  | David Meyers Homicide File                  |
| 16 | 1068-1267 | Thomas Bourne Manslaughter File             |
| 17 | 1268-1275 | Passages from Criminal Evidence for Police  |
| 18 | 1276-1979 | 1979 Legal Bulletin                         |
| 19 | 1980-2035 | 1975 Recruit School                         |
| 20 | 2036-2083 | 1976 Recruit School                         |
| 21 | 2084-2137 | 1977 Recruit School                         |
| 22 | 2138-2296 | 1971 Special Orders                         |
| 23 | 2297-2534 | 1972 Special Orders                         |

It is noteworthy that the 65th and 66th Annual Reports that have been turned over contain numerous names of officers from that era. The 1971 and 1972 Special Orders provided to the plaintiff also contain officers' names. The defendant is in the midst of providing a separate list of the 1970 class of Boston police officers, which it just received. As for the names of police personnel, the homicide file for David Meyers contains many names of officers who worked on the case.

The City of Boston continues to search for the documents requested and is in the midst of a Fourth Supplemental Response to Requests for Document Production.  This response will provide more names of police officers from the era in question.

<strong><u>CONCLUSION</u></strong>

For the reasons stated, above, the defendant, City of Boston, respectfully requests that this Honorable Court deny the plaintiff's motion to compel.

Defendants,
THE CITY OF BOSTON, JOSEPH
KELLEY, and JOHN B. HARRINGTON,
By their attorney,


/s/ Hugh R. Curran
_____
Hugh R. Curran (BBO# 552623)
hcurran@bletzerlaw.com
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
617-254-8900

May 9, 2012


<strong>CERTIFICATE OF SERVICE</strong>

I, Hugh R. Curran, attorney for the defendants, certify that on May 9, 2012, I served the attached submission by e-mail (PDF) and US Mail on counsel of record for the plaintiff, Gayle Horn of Loevy & Loevy.

/s/Hugh R. Curran_____

Hugh R. Curran