UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:2009 CV 10197 |
| vs. | ) | |
| | ) | |
| CITY OF BOSTON, Former Boston Police | ) | |
| Officer, JOSEPH KELLEY, Former Boston Police | ) | JUDGE STEARNS |
| Officer, JOHN HARRINGTON, and as-of-yet | ) | |
| UNKNOWN EMPLOYEES OF THE CITY OF | ) | |
| BOSTON, | ) | |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**AGREED MOTION TO EXTEND DISCOVERY**

NOW COMES Plaintiff, THE ESTATE OF JAMES HALEY, by and through his attorneys, and moves to extend the time for fact discovery. In support thereof, Plaintiff states as follows:

1. James Haley has alleged that he was wrongfully convicted of murder in 1972 as a result of the Defendants' unconstitutional conduct. In particular, Mr. Haley has alleged that Defendants Kelley and Harrington deliberately suppressed two police statements that exculpated him of the crime, and that Defendant City of Boston had a policy and practice in 1971 and 1972 of deliberately suppressing material impeachment and exculpatory evidence.

2. Although Plaintiff has been diligently engaging in discovery in this matter, Plaintiff is seeking an extension of time for fact discovery for the reasons that follow.

3. As this Court might imagine, undertaking discovery into events that occurred four decades ago has been challenging: All of the individual parties have passed away as has the Judge, prosecutor and defense attorney who originally tried the underlying criminal matter. The

City also has had difficulty locating relevant documents and identifying witnesses from 1971 and 1972 given the passage of time.

4. In addition, the Administrator of Mr. Haley's Estate (who is now the Plaintiff in this action) has very recently passed away and the Estate is in the process of substituting Mr. Haley's sister in as the Administrator. Undersigned counsel has been told by the probate attorney handling Mr. Haley's Estate that that process may take time.

5. Finally, undersigned counsel – who has been the lead attorney litigating this matter – is scheduled to begin maternity leave next week.

6. As a result of the foregoing, Plaintiff requests that this Court extend fact discovery by four months, with the resulting discovery schedule as follows:

   a. Close of fact discovery: December 1, 2012

   b. Plaintiff's expert disclosures: January 8, 2013

   c. Defendants' expert disclosures: February 12, 2013

   d. Close of expert discovery: March 19, 2013

   e. Summary judgment motions: May 1, 2013

7. Counsel for the Plaintiff has consulted with counsel for the Defendants who has agreed to this new discovery schedule.

8. This is the first request for an extension of time on discovery.

WHEREFORE, Plaintiff, THE ESTATE OF JAMES HALEY, respectfully requests that this Court extend fact discovery to December 1, 2012, and the remainder of the scheduling deadlines as described in paragraph 6 above.

                                  Respectfully Submitted,


                                  /s/ Gayle Horn

Jon Loevy
Gayle Horn
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607

## CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 10, 2012.

                                  /s/ Gayle Horn