UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ESTATE OF JAMES HALEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:2009 CV 10197 |
| vs. | ) | |
| | ) | |
| CITY OF BOSTON, Former Boston Police Officer, JOSEPH KELLEY, Former Boston Police Officer, JOHN HARRINGTON, and as-of-yet UNKNOWN EMPLOYEES OF THE CITY OF BOSTON, | ) ) ) ) ) ) | JUDGE STEARNS |
| | ) | |
| Defendants. | ) | JURY TRIAL DEMANDED |

**PLAINTIFF'S RESPONSE IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

NOW COMES Plaintiff, ESTATE OF JAMES HALEY, by and through his attorneys, LOEVY & LOEVY, and hereby responds to the Defendants' motion as follows:

**Introduction**

Although the Defendants assert that their motion to dismiss is not based on a "mere technicality," there is no better description for their latest attempt to jettison Plaintiff's case. Plaintiff has been diligent in seeking to substitute the Estate as the Plaintiff in this action, and again in seeking to substitute an Administrator once Thomas Haley, Mr. Haley's brother and the original Administrator, passed away. To the extent that the Defendants thought that the Estate was not a proper party, the appropriate time for them to have raised this issue was when the original motion for substitution was filed – and not a year-and-a-half later once discovery was about to close.

Nor have the Defendants articulated any real prejudice that they have suffered from the fact that the probate court has not yet approved Patricia Bettis (Mr. Haley's sister) as the

substitute Administrator of the Estate.  There is no testimony that the Defendants have alleged that they need from the Administrator.  Moreover, to the extent that Mr. Sultan's deposition has had to be postponed because the waiver of attorney-client privilege cannot be done without an Administrator, Plaintiff has repeatedly offered to make Mr. Sultan available at any time that is convenient for the Defendants after the waiver has been executed.  Given that Mr. Sultan's deposition was originally scheduled for April 10 – only 5 days before the fact discovery cutoff – the Defendants' amorphous assertions that Mr. Sultan's testimony should be excluded because they will not have sufficient time to conduct any follow-up discovery is simply not well taken.  For all of these reasons, the Defendants' motion should be denied.

## Background

James Haley passed away on December 23, 2010.  Although Mr. Haley's appeal was then-pending, at Plaintiff's request, the First Circuit permitted the proceedings to continue even though no Estate had yet been set up and no Administrator had yet been appointed.

On October 11, 2011, the Estate was established and the probate court issued a decree appointing Mr. Haley's brother, Thomas Haley, as the Administrator of the Estate.  As a result, Plaintiff moved for substitution of the Plaintiff in this action; that motion was unopposed by the Defendants.  *See* Dckt No. 48 & 48-1 (identifying Thomas Haley as the Administrator of James Haley's Estate).

Six months later, on March 29, 2012, the Defendants served on Plaintiff their First Set of Requests for Production and Interrogatories.  By that time, as Plaintiff informed the Defendants, Thomas Haley had passed away.  As a result, there was no Administrator who could answer the interrogatories.  Plaintiff timely provided the Defendants with Responses to their First Set of Requests for Production.  *See* Exhibit A, Email from Horn to Curran dated May 1, 2012.

Because the substitution of Patricia Bettis was taking additional time due to the backlog in the probate system in Massachusetts, Plaintiff provided the Defendants with interrogatory responses verified by Ms. Bettis even though she had not yet been appointed as the Administrator. Ms. Bettis was also deposed as to her knowledge of the events underlying the Complaint, and Plaintiff agreed to make her available for any further questioning about the Estate should the Defendants feel such questioning was necessary.

As for Mr. Sultan, James Haley's post-conviction attorney, Plaintiff told the Defendants that he intended to waive attorney-client privilege but was waiting on Ms. Bettis' appointment as the Administrator so that the privilege could be properly waived. The attorneys handling the probate matter originally thought that she would be appointed by April 10, when Mr. Sultan's deposition was scheduled, but due to circumstances beyond their control, the probate courts have not yet acted on her application. As a result, Plaintiff offered to make Mr. Sultan available at any time after the probate court had appointed Ms. Bettis for his deposition. *See* Exhibit B, Email from Horn to Curran dated April 2, 2013. Plaintiff also offered to make Mr. Sultan available for his deposition on April 10 with the caveat that he could not yet testify as to privileged matters. *Id.*

**Argument**

The Defendants' motion to dismiss is rooted in two claims. First, according to the Defendants, because Plaintiff substituted "the Estate" and not "the Administrator of the Estate," the entire action should be dismissed. Second, because the substitution of Patricia Bettis has taken so long, according to the Defendants, Plaintiff should be precluded from presenting the testimony of James Sultan, James Haley's post-conviction attorney. Because neither contention has merit, the Defendants' motion should be denied.

3

### I.     Plaintiff's Original Substitution was Proper

The Defendants first assert that Plaintiff's case should be dismissed because he improperly substituted the Estate of James Haley instead of the Administrator of the Estate as the plaintiff in this action.  Coming at the eleventh hour, and after the Defendants had previously agreed to Plaintiff's motion to substitute the Estate, this attempt at dismissal flies in the face of the federal rules and the well-heeled proposition that cases should be decided on their merits and not on technicalities.

To start, although the Defendants quote a case stating that the Estate is not a legal entity in Massachusetts (which notably arises in a different context), there are a number of cases that have been prosecuted in the First Circuit by an Estate.  *See United States ex. rel. Estate of Robert Cunningham v. Millenium Laboratories of California, Inc.*, --- F.3d ---, 2013 WL 1490435, at *n.1 (1st Cir. 2013) ("Robert Cunningham passed away on December 5, 2010.  After his death, the Estate of Robert Cunningham was substituted as Relator."); *Velez v. Awning Windows*, 375 F.3d 35, 37 (1st Cir. 2004) ("The district court granted the plaintiff's request to substitute the Estate in Nieves's stead as a party defendant.").  Perhaps for that reason, when Plaintiff filed his motion to substitute the Estate as Plaintiff in October 2011, the Defendants had no objection.  *See* Dckt No. 48, at ¶ 7.

### II.    Even if the Estate is Not a Proper Party, Plaintiff Should Be Permitted to Amend

Even if Mr. Haley should have substituted "the Administrator" – which Plaintiff expressly identified in his motion to substitute as then-being Thomas Haley – that is not a reason to dismiss Plaintiff's entire case.  To the contrary, as Fed. R. Civ. P. ("Rule") 17(a)(3) explains "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest

to . . . be substituted into the action." "[T]he spirit of Rule 17(a)(3) is to avoid the injustice of dismissal when the only pleading error is in naming the plaintiff." *Corvello v. New England Gas Co.*, No. 05-0221, 2011 WL 3742005, at *3 (D.R.I. Aug. 23, 2011); *see also* Advisory Cmtee Notes, Rule 17 ("Modern decisions are inclined to be lenient when an honest mistake has been made in choosing the party in whose name the action is to be filed—in both maritime and nonmaritime cases. *See Levinson v. Deupree*, 345 U.S. 648 (1953); *Link Aviation, Inc. v. Downs*, 325 F.2d 613 (D.C.Cir. 1963).").

Given this backdrop, it would be unjust to dismiss Plaintiff's action: When Plaintiff originally moved to substitute, the Defendants offered no objection. Only now, as discovery is closing, have the Defendants voiced an objection and thus, pursuant to Rule 17(a)(3), Plaintiff has not yet had an opportunity to substitute the Administrator as the Plaintiff.

Indeed, dismissal for failure to name "the Administrator" as opposed to "the Estate" would not only be improper under Rule 17(a)(3), but also would contravene the "spirit of the Federal Rules of Civil Procedures." *Foman v. Davis*, 371 U.S. 178, 181 (1962). As the Supreme Court has stated:

> [I]t is too late in the day and entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of mere technicalities. The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.

*Id.* at 181-82 (internal citations and quotation marks omitted); *see also Kuehl v. FDIC*, 8 F.3d 905, 908 (1st Cir. 1994) ("Our federal rules promote the disposition of claims on the merits rather than on the basis of technicalities, and courts should be reluctant to impose a dismissal with prejudice for a rules violation that is neither persistent nor vexatious, particularly without some review of the merits."); *Berklee Coll. of Music v. Berklee Chapter of the Mass. Federation of*

5

*Teachers, Local 4412*, 858 F.2d 31, 33 (1st Cir. 1988) ("[T]he Supreme Court has recently reiterated that 'rules of procedure should be liberally construed and . . . "mere technicalities" should not stand in the way of consideration of a case on its merits.'") (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312 (1988)).

### III. The Defendants Have Identified No Prejudice & Mr. Sultan's Testimony Should Not Be Excluded

Dismissal is also particularly inappropriate here because the Defendants have identified no prejudice from Plaintiff having named "the Estate" as opposed to "the Administrator." Indeed, the only purported prejudice that the Defendants allege is from the delay in substituting Patricia Bettis as the Administrator of the Estate upon Thomas Haley's death – a delay that has been occasioned not by Plaintiff's lack of diligence but rather because of the backlog of cases and the relatively recent changes to the statutory regime and attendant procedures in the probate court. *See*, *e.g.*, Exhibit C, Email from Howard to Horn dated 5/2/12. Even as to that delay, however, the Defendants have not identified any actual harm that they have suffered.

The Defendants assert that they are prejudiced because they do not have verified interrogatory responses from the Administrator of the Estate. Instead, Patricia Bettis verified Plaintiff's interrogatory responses, which were served on the Defendants in August 2012. (Plaintiff timely served responses to Defendants' Requests for Production in May 2012). The Defendants offer no reason why this is somehow prejudicial to them – or what binding testimony that they need from the Administrator of Mr. Haley's Estate – either in their motion or otherwise. Nor can Plaintiff opine any such relevant testimony. Rather, in this case, the administrator is simply a placeholder for the Plaintiff, who is entrusted to manage the assets of the Estate.

Alternatively, the Defendants suggest that they are prejudiced because without an administrator, the Estate cannot waive attorney-client privilege and Mr. Sultan therefore cannot be deposed as to privileged matters. This is a strawman of the Defendants own making.

As the Defendants acknowledge in their motion, Plaintiff's counsel has offered to make Mr. Sultan available for a deposition as to matters currently protected by the attorney-client privilege after the appointment of an administrator. According to the Defendants, this proposal is "unacceptable" because it "will leave Defendants with no opportunity to make follow-up inquiries of other witnesses based on Attorney Sultan's testimony." Dckt No. 95 at 4. The Defendants never identify what "follow-up inquiries" they anticipate would be necessary nor why, if that was a significant concern, they had agreed without objection to originally take Mr. Sultan's deposition on April 10, just five days before the close of fact discovery. Nor have the Defendants explained why they chose not to take Mr. Sultan's deposition as to unprivileged maters on April 10 as Plaintiff agreed to make Mr. Sultan available on those issues on the 10th. The reason for this silence is because the Defendants' motion is simply a ploy to bar otherwise relevant testimony due to matters entirely beyond Plaintiff's control. Far from prejudicing Defendants, should this Court grant the Defendants' motion, prejudice will inure to the Plaintiff.

Like the Defendants, Plaintiff wishes that Patricia Bettis had already been appointed. But because she has not, Plaintiff has tried to do everything he can to accommodate the Defendants while simultaneously prosecuting this case in an appropriate matter. The probate attorneys who are working on Mr. Haley's Estate have submitted all of the necessary paperwork and the Estate is simply waiting on a ruling by the probate court. *See* Exhibit D, Email from Webb to Horn dated April 22, 2013. Rather than taking the extreme measure of barring Mr. Sultan's testimony, Plaintiff requests that he be permitted to present Mr. Sultan's testimony at a trial after making

Mr. Sultan available to the Defendants for his deposition at the earliest possible juncture once the Ms. Bettis has been appointed as the administrator.

## Conclusion

For all of the reasons stated above, Plaintiff respectfully requests that this Court deny the Defendants' motion.

Respectfully Submitted,

/s/ Gayle Horn

Jon Loevy
Gayle Horn
Vince Field
LOEVY & LOEVY
312 N. May St., Suite 100
Chicago, IL 60607

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on April 22, 2013.

/s/ Gayle Horn