UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES A. HALEY,<br>    Plaintiff,<br><br>v.<br><br>CITY OF BOSTON, Former Boston Police Sergeant Detective JOSEPH KELLEY, and Former Boston Police Detective JOHN B. HARRINGTON, as well as yet UNKNOWN EMPLOYEES OF THE CITY OF BOSTON,<br>    Defendants, | No.: 1:2009cv10197 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO EXCLUDE TESTIMONY AND RULE 26(A)(2) REPORT OF PLAINTIFF'S EXPERT WITNESS ROBERT WASSERMAN

The Defendants, City of Boston, and deceased Detectives Joseph Kelley and John B. Harrington ("Defendants"), by and through counsel, respectfully moves this Honorable Court to preclude Robert Wasserman ("Mr. Wasserman") from testifying at trial, exclude his Rule 26(a)(2) report from both evidence at trial and any summary judgment filings, strike any facts contained within Plaintiff's L.R. 56.1 Statement of Additional Facts in support of their Opposition to Summary Judgment and grant Defendants any other relief deemed meet and just on the grounds that Mr. Wasserman does not qualify as an expert witness under the Federal Rules of Evidence and does not have personal knowledge of the facts of this case. As further grounds for this motion, the Defendants state as follows:

### I.  BACKGROUND

The Plaintiff has disclosed Mr. Wasserman as an expert witness and Mr. Wasserman has submitted a Rule 26(a)(2) report in which he sets forth his proffered testimony and the basis therefore. Based on his report, Mr. Wasserman is not qualified as either an expert or lay witness in this matter and therefore his testimony and report must be excluded.

1

## II. ARGUMENT

### A. Mr. Wasserman Does Not Qualify as an Expert Witness Because He Will Not Provide Testimony Pursuant to Fed.R.Evid. 702

Mr. Wasserman may not testify as an expert witness because his proffered testimony does not constitute "scientific, technical, or other specialized knowledge [that] will help the trier of fact to understand the evidence or to determine a fact in issue." Fed.R.Evid. 702(a). Trial courts perform a gatekeeping role in regulating the admission of expert testimony under Fed.R.Evid. 702. *U.S. v. Diaz*, 300 F.3d 66, 73 (1st Cir.2002), quoting *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589, 113 S.Ct. 2786, 2794-95 (1993). "The review for reliability encompasses an assessment of 'whether the reasoning or methodology underlying the testimony is scientifically valid and of whether that reasoning or methodology properly can be applied to the facts in issue.'" *Id.*, quoting *Daubert*, 509 U.S. at 592-93, 113 S.Ct. at 2796. "Expert testimony must be relevant not only in the sense that all evidence must be relevant, but also in the incremental sense that the expert's proposed opinion, if admitted, likely would assist the trier of fact to understand or determine a fact in issue." *Ruiz-Troche v. Pepsi Cola of Puerto Rico Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998), citing *Daubert*, 509 U.S. at 591-92, 113 S.Ct. at 2796.

None of Mr. Wasserman's proffered testimony can be construed as being based in "scientific, technical, or other specialized knowledge." To the contrary, Mr. Wasserman's report is based in his purported "personal knowledge" of the Boston Police Department training program beginning in 1973, *after* the underlying investigation in this case, which took place in 1971. The only methodology that Mr. Wasserman uses in his report is an extrapolation of his personal experiences between 1973-1976 on to what he imagines occurred in 1971. Such an extrapolation is not "scientifically valid" or of assistance to the trier of fact.

**B.      Mr. Wasserman has no Personal Knowledge of the 1971 Investigation or Policies and Practices of the Boston Police Department in 1971and Therefore is Not Qualified to Testify Based on Mere Conjecture.**

"A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." *U.S. v. Brown*, 669 F.3d 10, 22 (1st Cir.2012), citing Rule 602 of the Federal Rules of Evidence. Testimony is inadmissible if the trial court "finds that the witness could not have actually perceived or observed what he is testifying to." *Id.*, quoting *United States v. Rodríguez*, 162 F.3d 135, 144 (1st Cir.1998).

Mr. Wasserman has no personal knowledge, direct or indirect, of the 1971 investigation or the policies and practices of the Boston Police Department in 1971. Although he refers throughout his report to "the early 1970s," he did not join the Boston Police Department training program until 1973. He had no involvement with the Boston Police Department training program prior to 1973. (Deposition Transcript of Robert Wasserman, pgs. 27-28, attached hereto as Exhibit A). He has no knowledge of what Boston police recruit training consisted of prior to 1973. Id. He has no personal information as to training prior to 1973 or to any training that Detectives Harrington or Kelley personally received. In fact, at his deposition, he testified affirmatively that he has <u>no</u> direct knowledge as to whether the duty to disclose exculpatory evidence was taught at the academy prior to his joining the Department in 1973. (Deposition Transcript of Robert Wasserman, pgs. 27-28, 126-27, attached hereto as Exhibit B). He testified that he does not even have indirect knowledge regarding whether officers were trained to disclose exculpatory evidence. Id. While serving as Director of Training and Education, he never once spoke with anyone, including the Academy's prior Commanding Officer and law instructor, Captain Hogan about whether the duty to document or disclose exculpatory evidence was taught or trained. Id.

It is of note that Mr. Wasserman only states that it only "to the best of my knowledge" that no training existed prior to 1973 regarding exculpatory and impeachment evidence because he simply does not know. He bases his opinion only on review of the written training materials being used at the academy, yet every individual with direct knowledge of the Boston Police Department's training practices who has testified in this matter, including multiple officers who graduated from the Training Academy prior to 1973, concur that the Department trained officers to disclose all evidence to the prosecutor, including evidence which would be considered exculpatory of relevant to impeachment. (Deposition Transcript of Edward McNelley, pp. 69, 72-74, 89; Deposition Transcript of Robert Dunford, pp 31-33, 37-39; Deposition Transcript of Thomas Miller, pp 45-46, 53, 87-89; Deposition Transcript of Herbert Spellman, pp 45, 49, 53, 56-57, 66-67, 141; Deposition Transcript of Paul Evans, pp 134-135, all attached hereto as Exhibit C). He testified at his deposition that he was "not aware of" reference to exculpatory or impeachment evidence in the existing training materials. (Deposition Transcript of Robert Wasserman, pp 130-131, attached hereto as Exhibit D). His being "not aware of" such training is not direct probative evidence that recruits did not receive the training. Mr. Wasserman does not even know whether the updated Academy training materials that were created after he became Director of Training and Education expressly referenced training on disclosure of evidence. (Deposition Transcript of Robert Wasserman, pg. 88, attached hereto as Exhibit E). He has no personal knowledge of a lack of training; he simply does not know, and therefore is not qualified to testify as a witness in this matter.

Any observations Mr. Wasserman made as to a "widespread practice within the Department" would have been made <u>after</u> the underlying investigation and criminal trial in this matter. To the extent that Mr. Wasserman relies on his communications with "then-Commissioner DiGrazia" for the conclusion that this alleged practice existed prior to 1973, that

4

statement constitutes inadmissible hearsay. He has no personal knowledge upon which to opine as to the nature of training received by Detectives Kelley or Harrington or the policies and practices of the Boston Police Department at the time of the investigation into and criminal trial of James Haley.

### III. CONCLUSION

WHEREFORE, the Defendants respectfully request that this Honorable Court preclude Robert Wasserman from testifying at trial, exclude his Rule 26(a)(2) report from both evidence at trial and any summary judgment filings, and grant Defendants any other relief deemed meet and just.

RESPECTFULLY SUBMITTED,
**DEFENDANTS**,
By their Attorneys,

/s/ Hugh R. Curran
Hugh Curran, BBO#552623
Bletzer & Bletzer, P.C.
300 Market Street
Brighton, MA 02135
(617) 254-8900

Date: August ___, 2013

### DEFENDANTS' CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

I, Hugh R. Curran, hereby certify pursuant to Local Rule 7.1(A)(2) that counsel for the Defendants has conferred with counsel for the Plaintiff in the above-entitled action, in a good faith attempt to resolve or narrow the issues raised by the instant motion.

/s/ Hugh R. Curran

Hugh R. Curran

5

## CERTIFICATE OF SERVICE

    I, Hugh R. Curran, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on August 27, 2013.

                                                                   */s/ Hugh R. Curran*